Ronnie Eugene **STEWART,**
Plaintiff–Appellant,

v.

Terry **STEWART,** Director of the Arizona Department of Corrections, in his individual & personal capacity; et al., Defendants–Appellees.

No. 01–17540.
D.C. No. CV–98–0368–PGR.

United States Court of Appeals,
Ninth Circuit.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Feb. 14, 2003.*

Decided Feb. 20, 2003.

Before TROTT, RYMER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Ronnie Stewart, a prisoner in the Arizona Department of Corrections (ADOC), appeals dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his first amended complaint against ADOC Director Terry Stewart, Warden Harold Whitley, and Deputy Warden Bennie Rollins (collectively, the admin-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

istrators). We affirm in part and reverse in part.

*Excessive Force.* The district court correctly held that Stewart's complaint fails to state an Eighth Amendment claim. When a prison official authorizes the use of excessive force against a prisoner, that official violates the prisoner's Eighth Amendment right to be free of cruel and unusual punishment. *Clement v. Gomez,* 298 F.3d 898, 903 (9th Cir.2002). Force does not amount to a constitutional violation if it is "applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Whitley v. Albers,* 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Thus, to survive dismissal, Stewart was required to allege that the administrators possessed malicious and sadistic intent when authorizing the use of force.

■■■ Stewart's complaint fails to meet this requirement. The adminisrators' alleged policy of spraying prisoners with pepper spray for refusing to follow directions falls within the wide-ranging zone of deference accorded to prison officials in shaping "prophylactic or preventive measures intended to reduce the incidence of ... breaches of prison discipline." *Whitley v. Albers,* 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Likewise, allegations that the administrators authorized corrections officers to dispense pepper spray across entire pod areas whenever an individual prisoner acts in a disruptive manner, and that they authorized the use of an "Israeli fogger" device, both fail to show that excessive force was used. *Cf. Gomez,* 298 F.3d at 903–04 (holding that bystander prisoners who were exposed to pepper spray when prison officials dispensed spray across their pod area to break up a fight were not subjected to excessive force).

*Deliberate Indifference.* The district court erred in holding that Stewart's complaint fails to state a claim of deliberate indifference. When a prison official exhibits "deliberate indifference to a prisoner's serious illness or injury," the official violates the prisoner's Eighth Amendment right to be free of cruel and unusual punishment. *Id.* at 904 (quoting *Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (internal quotation marks omitted)). Mere negligence does not suffice. A deliberate indifference claim has both an objective and a subjective component: a prisoner must allege that he was "confined under conditions posing a risk of 'objectively, sufficiently serious' harm," and that "the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." *Id.* (quoting *Wallis v. Baldwin,* 70 F.3d 1074, 1076 (9th Cir.1995) (internal quotations omitted)). The subjective component is satisfied "only when 'the official knows of *and* disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (emphases added)).

■ Stewart's complaint satisfies the *objective* component of a deliberate indifference claim because he alleges that the administrators knew that he suffered burns, blistering, difficult breathing, uncontrollable gagging, nose bleeds, seizure-like symptoms, and permanent digestive and vision problems as a result of not being allowed to receive medical attention or a decontamination shower for 10 hours after exposure to pepper spray. Stewart's

complaint can also be liberally construed to satisfy the *subjective* component because it alleges that the administrators authorized a policy of delayed medical care for the purpose of punishing prisoners. Thus, it does not "appear[ ] beyond doubt that [Stewart] can prove no set of facts in support of the claim that would entitle [him] to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1156 (9th Cir.2000). Each party shall bear its own costs.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.